UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GEORGE MCDONALD a/k/a NICOLE MARIE MCDONALD,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES THOMAS LEE,<br><br>  Defendant. | No.  2:15-cv-1256-KJM-KJN PS<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Thomas George McDonald, also known as Nicole Marie McDonald,[1] who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[2]  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] In the caption of the complaint, plaintiff is named as "Thomas George McDonald a/k/a Nicole Marie McDonald," and in other parts of the complaint, plaintiff is named as Nicole Marie McDonald, the assignee of all rights from Thomas George McDonald.  For convenience, the court refers to plaintiff in the feminine gender in this order and findings and recommendations.

[2] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

monetary relief against an immune defendant.

For the reasons discussed below, the court recommends that plaintiff's federal claims be dismissed with prejudice, that plaintiff's state law claims be dismissed without prejudice, and that plaintiff's application to proceed *in forma pauperis* in this court be denied as moot.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Plaintiff's complaint in this case is rambling and somewhat confusing. However, plaintiff, a resident of California, appears to allege that the mortgage on her real property located at 9761 Roedell Way in Elk Grove, California was wrongfully foreclosed upon, with the property sold at a trustee sale on August 13, 2014. Plaintiff alleges various irregularities with respect to the transfer and assignment of the note and deed of trust pursuant to a supposed fraudulent conspiracy involving the banks, lenders, servicers, trustees, and others involved with the mortgage, purportedly rendering the trustee sale illegal and void. According to plaintiff, defendant James Thomas Lee, an attorney located in Diamond Bar, California, then illegally and fraudulently commenced an unlawful detainer action on behalf of his client and grantee under the trustee's deed upon sale, PennyMac Holdings, LLC, in the Sacramento County Superior Court. Plaintiff avers that defendant attempted to acquire plaintiff's property through the use of the fraudulent trustee's deed upon sale, and suggests that defendant is part of the conspiracy involving the banks, lenders, servicers, trustees, and others involved with plaintiff's mortgage. (See generally ECF No. 1.)

Liberally construed, the complaint purports to assert claims for common law fraud; conspiracy to defraud; mail fraud under 18 U.S.C. § 1341; wire fraud under 18 U.S.C. § 1343; bank fraud under 18 U.S.C. § 1344; extortion under 18 U.S.C. § 1951; racketeering under 18 U.S.C. § 1952; money laundering under 18 U.S.C. § 1956; interstate transportation of stolen property under 18 U.S.C. § 2314; civil conspiracy; unjust enrichment; emotional distress; violation of the Fair Debt Collection Practices Act ("FDCPA"); deprivation of constitutional property rights, due process rights, and equal protection rights, presumably pursuant to 42 U.S.C. § 1983; violation of the "California Civil Remedies for Criminal Practices Act"; and the unclean hands doctrine. Plaintiff seeks damages as well as injunctive relief (more specifically, the halting of all eviction activity by defendant). (ECF No. 1.)

Plaintiff's complaint fails to state a claim against defendant under the FDCPA, because neither foreclosure of a property nor an unlawful detainer action after foreclosure qualifies as the collection of a debt within the meaning of the FDCPA. See Mayora v. Fieldstone Mortgage Investment Trust, 2015 WL 3649105, at *4 (C.D. Cal. Jun. 11, 2015) (collecting cases);

McFadden v. Deutsche Bank National Trust Co., 2011 WL 3606797, at **10-11 (E.D. Cal. Aug. 16, 2011) (collecting cases), adopted by 2011 WL 4765845 (E.D. Cal. Oct. 7, 2011).

Plaintiff also cannot state a claim for deprivation of any constitutional rights under 42 U.S.C. § 1983 against defendant, because, with exceptions not applicable here, defendant is a private citizen attorney and not a state actor. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (explaining that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful").

Plaintiff's claims for violations of federal criminal statutes (mail fraud under 18 U.S.C. § 1341; wire fraud under 18 U.S.C. § 1343; bank fraud under 18 U.S.C. § 1344; extortion under 18 U.S.C. § 1951; racketeering under 18 U.S.C. § 1952; money laundering under 18 U.S.C. § 1956; and interstate transportation of stolen property under 18 U.S.C. § 2314) are also subject to dismissal, because plaintiff, as a private citizen, does not have standing to prosecute federal crimes.

Although the court ordinarily liberally grants leave to amend to pro se litigants, the court concludes that plaintiff is unable to cure the above-discussed federal claims through further amendment. As such, the court finds that granting leave to amend would be futile, and recommends that such claims be dismissed with prejudice.

Plaintiff's complaint also asserts several state law claims. However, because no federal claims remain at this early juncture in the case, and there is no diversity of citizenship jurisdiction, the court should decline to exercise supplemental jurisdiction over such state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim...if – the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). In recommending dismissal of plaintiff's state law claims without prejudice, the court expresses no opinion regarding their merits, and plaintiff is free to pursue such claims in state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's federal claims under the FDCPA, 42 U.S.C. § 1983, and the above-discussed federal criminal statutes be dismissed with prejudice.
2. Plaintiff's remaining state law claims be dismissed without prejudice.
3. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
4. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 10, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE